IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DAVID T RHODEN,

    Plaintiff,

v.                                            CASE NO. 1:05-cv-00056-MP-AK

JO ANNE B BARNHART,

    Defendant.

_____/

## O R D E R

This matter is before the Court on Doc. 14, Motion for an order directing the clerk to enter a final judgment pursuant to Fed. R. Civ. P. 58, based on the order dated October 7, 2005, (doc. 13), remanding this case back to the Commissioner for further proceedings under sentence four of 42 U.S.C. § 405(g). No judgment was entered on this order by the Clerk, and the Court has become aware of some uncertainty regarding whether final judgment should be entered based on such an order, and whether such an order closes the case

This issue is important not only for proper upkeep of the docket, but also for purposes of determining the timing of claimant's counsel's entitlement to attorney's fees under the Equal Access to Justice Act (EAJA). This is because the EAJA requires claimant's counsel to file any application for EAJA fees "within thirty days of final judgment in the action," 28 U.S.C. § 2412(d)(1)(B),[1] and therefore the issue of what triggers the entry of a "final judgment" in

---

[1] The first sentence of 28 U.S.C. § 2412(d)(1)(B) provides: "A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed."

sentence-four remand cases becomes critical. As discussed more fully below, the Supreme Court's decision in <u>Shalala v. Schaefer</u>, 509 U.S. 292 (1993) answers the above questions and mandates that final judgment should be entered immediately upon an order remanding a case under sentence four, and the case should be closed upon entry of that final judgment.

In cases reviewing final agency decisions on Social Security benefits, the exclusive methods by which district courts may remand to the Secretary are set forth in sentence four and sentence six of § 405(g), which state:

> [4] The [district] court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing....
> [6] The court may, on motion of the Secretary made for good cause shown before he files his answer, remand the case to the Secretary for further action by the Secretary, and it may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Secretary shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact or his decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based.

Prior to 1993, the Secretary would argue that a district court proceeding under sentence four need not enter a judgment at the time of remand, but may postpone it and retain jurisdiction pending completion of the administrative proceedings. The Supreme Court in <u>Shalala v. Schaefer</u>, 509 U.S. 292 (1993), however, explicitly rejected that argument, stating:

> That argument ... is inconsistent with the plain language of sentence four, which authorizes a district court to enter a judgment "with or without" a remand order, not a remand order "with or without" a judgment. Immediate entry of judgment (as opposed to entry of judgment after postremand agency proceedings have been completed and their results filed with the court) is in fact the principal feature that distinguishes a sentence-four remand from a sentence-six remand.

*Case No: 1:05-cv-00056-MP-AK*

Id. at 296-97 (internal citations omitted).

Another argument sometimes presented in the past by the Secretary was that a sentence-four remand order cannot be considered a "final judgment" for purposes of § 2412(d)(1)(B) because that provision requires the party seeking fees to submit an application "show[ing] that [he] is a prevailing party."  That showing, the argument went, cannot be made until the proceedings on remand are complete, since a Social Security claimant does not "prevail" until he is awarded Social Security benefits.  The Schaefer court also put that argument to rest, holding that prevailing party status is achieved "[i]f the plaintiff has succeeded on any significant issue in litigation which achieve[d] some of the benefit ... sought in bringing suit," and holding that "[o]btaining a sentence-four judgment reversing the Secretary's denial of benefits certainly meets this description." Id. at 302. (citation and internal quotation marks omitted).

Finally, the Schaefer court addressed whether a case should be closed after an order remanding a case under sentence four.  The Court quoted Sullivan v. Finkelstein, 496 U.S. 617 (1990) for the proposition that under § 405(g), "'each final decision of the Secretary [is] reviewable by a separate piece of litigation,' and a sentence-four remand order 'terminate[s] the civil action' seeking judicial review of the Secretary's final decision." Schaefer, 509 U.S. at 299

(quoting <u>Finkelstein</u>, 496 U.S., at 624-625).  Thus, since the sentence-four remand in this case "terminates the civil action," the Clerk should close the case after entry of final judgment.

Accordingly, for the reasons given above it is hereby

**ORDERED AND ADJUDGED:**

1. The motion for entry of final judgment (doc. 14) is granted, and the Clerk is directed to enter judgment in favor of the claimant.

2. The Clerk is directed to close this case.

**DONE AND ORDERED** this  *1st*  day of November, 2005

> *s/Maurice M. Paul*
> Maurice M. Paul, Senior District Judge